PAPE v. PRATT INSTITUTE.

(Supreme Court, Appellate Division, Second Department.   June 18, 1908.)

1. PLEADING—DEMURRER—SCOPE.
   A demurrer to a complaint for want of facts sufficient to constitute a cause of action cannot be sustained because it does not state facts sufficient to justify the interposition of a court of equity; the office of a demurrer being not to determine the question of equitable cognizance, but the question of law whether the facts constitute a cause of action.

2. SAME.
   A demurrer cannot be sustained by a showing that facts are imperfectly or informally averred or that the pleading lacks definiteness and precision, or that material facts are only argumentatively averred.

3. NUISANCE—COMPLAINT—INJUNCTION.
   Code Civ. Proc. § 3339, abolishes the distinction between actions at law and suits in equity.   Section 519 declares that, when the complaint has made a plain and concise statement of the facts constituting the cause of action and a demand for the judgment to which he supposes himself entitled, defendant must answer or demur.   Held, that where plaintiff, the owner of a dwelling house, alleged that defendant was maintaining bowling alleys near plaintiff's property, and that the bowling since May, 1906, had been causing much noise and impairing the enjoyment of plaintiff's dwelling, whereupon plaintiff prayed that defendant be perpetually enjoined from maintaining bowling alleys or permitting bowling therein, such complaint stated facts sufficient to constitute a cause of action, though a bowling alley is not a nuisance per se, as plaintiff might under such complaint be entitled to a judgment restraining the operation of alleys at unreasonable hours or in a manner materially impairing plaintiff's rights.

4. SAME—ADEQUATE REMEDY AT LAW.
   Where plaintiff, an adjoining property owner, sued to restrain the maintenance and continued use of bowling alleys by defendant on his property, the nuisance being of a continuing character, there was no adequate remedy at law, and plaintiff was entitled to equitable relief.

Appeal from Special Term.

Action by Adolph Pape against the Pratt Institute.   From an interlocutory judgment sustaining a demurrer to the complaint for want of facts, plaintiff appeals.   Reversed.   Demurrer overruled.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Richard Krause, for appellant.

John T. Pratt, for respondent.

WOODWARD, J.   The plaintiff alleges for a cause of action that the defendant is a domestic corporation; that the plaintiff is and since May 1, 1906, has been, the owner and occupant of the dwelling house, known as No. 229 Ryerson street, borough of Brooklyn, the city of New York; that the defendant is, and since May, 1906, has been, maintaining bowling alleys in the premises known as Nos. 208 and 210 Grand avenue, borough of Brooklyn, the city of New York; that the bowling is being, and since May, 1906, has been, done in said bowling alleys with the permission of the defendant; that the bowling is, and since May, 1906, has been, causing much noise; that the said noise is, and since May, 1906, has been, materially impairing the en-

joyment by the plaintiff of the said dwelling house. The complaint, because of these facts, asks for judgment against the defendant perpetually enjoining it from maintaining the said bowling alleys and permitting bowling therein, together with the costs of this action.

The defendant demurs to this complaint upon the ground that it does not state facts sufficient to constitute a cause of action, and the learned court at Special Term has found as a matter of law, not that the complaint is deficient in its statement of facts to constitute a cause of action, but that the "complaint does not state facts sufficient·to constitute a cause of action to justify the interposition of a court of equi-, ty," which is a question not before the court on a demurrer. A good deal of confusion seems to have grown up on this question, and yet the provisions of the Code of Civil Procedure are plain, and the undoubted rule is that, upon demurrer a complaint is good if it states a cause of action, without regard to the question of whether a court of equity, in the exercise of a sound discretion, would be justified in granting the relief demanded. In other words, the office of a demurrer is not to determine the question of equitable cognizance, but a question of law, and that question is: Does the complaint state facts sufficient to constitute a cause of action? "In such a case," say the court in Kain v. Larkin, 141 N. Y. 144, 150, 36 N. E. 9, "the demurrer cannot be sustained unless it appears, admitting all the facts alleged, that no cause of action whatever is stated. The demurrer cannot be sustained simply by showing that facts are imperfectly or informally averred, or that the pleading lacks definiteness and precision, or that material facts are only argumentatively averred. The pleading may be deficient in technical language or in logical statement, but, as against a demurrer,   * · *   *   the pleading will be deemed to allege whatever ·can be implied from its statements by fair and reasonable intendment." Tried by this test, is there any doubt that the pleading in this case states facts sufficient to constitute a cause of action? There is an allegation of the maintaining of a bowling alley, that it is conducted with great noise, that it materially impairs the enjoyment by the plaintiff of his premises, and a demand of judgment enjoining the continuance of the bowling alleys. It may be, of course, as the learned justice in his opinion says, that a bowling alley is not a nuisance per se, but the allegations of this complaint, the ultimate facts stated, open the way to the introduction of evidence to show that this bowling alley is so located and conducted as to be a nuisance, and, if such should prove to be the case,·the plaintiff would be entitled to relief. It is not necessary to state all of the intermediate facts in order to state a good cause of action—one that will stand a demurrer. These are matters of evidence within the limits of the ultimate facts alleged, and a plaintiff should not be denied the right to establish his facts, tending to show the material injury complained of, because the court, reading the complaint, may not be able to determine the relief to which he might be entitled.

Section 481 of the Code of Civil Procedure provides that the complaint, aside from the formal parts, shall contain a "plain and concise statement of facts, constituting each cause of action without unnecessary repetition," and a "demand for the judgment to which the plain-

tiff supposes himself entitled," and we are of the opinion that the authorities will be examined in vain for a case in which it has been held that where the facts stated constituted a cause of action in harmony with the demand for judgment, the court on demurrer could determine whether the case was one demanding the interposition of a court of equity. Section 3339 of the Code of Civil Procedure declares that there "is only one form of civil action. The distinction between actions at law and suits in equity, and the forms of those actions and suits have been abolished." This being true, it follows logically that a demurrer is not to test the question of whether there is ground for equitable interference, but whether a cause of action of any kind is stated. Section 518 of the Code of Civil Procedure provides that "this chapter prescribes the form of pleadings in an action," etc., and the next section provides that the allegations of the pleadings must be liberally construed, and when the complaint has made a "plain and concise statement of facts constituting each cause of action without unnecessary repetition," and has made a "demand for the judgment to which the plaintiff supposes himself entitled," the defendant must answer or demur to the complaint. When this is based on the proposition that the complaint does not state facts sufficient to constitute a cause of action (section 487, Code Civ. Proc.), it is not for the court to determine whether the ultimate facts stated, devoid of details, entitle the plaintiff to the cognizance of a court of equity, but whether the facts stated do constitute a cause of action. Of course, if the plaintiff states facts which would entitle him to a judgment of ejectment, and asks for an injunction, he has not stated a cause of action in contemplation of law, for it is provided by section 1207 of the Code of Civil Procedure that, where there is no answer, the judgment shall not be more favorable to the plaintiff than that demanded in the complaint. Being entitled by his facts to ejectment, and demanding equitable relief, he has not shown himself entitled to the latter, and, as the judgment could not be more favorable than he has asked, on demurrer he is, of course, out of court. But where the action is one appealing to the equitable powers of the court, and the demand for judgment is consistent with the facts pleaded, we find no case in which a demurrer has been sustained. A failure to demand the precise relief to which he is entitled is not a ground for demurrer (Cody v. First National Bank, 63 App. Div. 199, 202, 71 N. Y. Supp. 277, and authorities there cited), and, where the plaintiff has a consistent complaint of an equitable character and the facts stated are sufficient to constitute a cause of action, there is no ground for sustaining a demurrer simply because the court at Special Term does not think the case is one calling for equitable interposition. Swart v. Boughton, 35 Hun, 281, is not contrary to the views here expressed. In that case it was held that:

"Where all of the allegations of the complaint are made for the purpose of procuring equitable relief and where equitable relief alone is asked for, the complaint cannot be sustained for legal redress where no answer has been interposed." Page 287.

That is not this case. Here there are facts showing a wrong committed against the plaintiff by the maintenance of a bowling alley. The

complaint is based on equitable grounds and asks for equitable relief, and the court has not determined the only question presented, whether the facts were sufficient to constitute a cause of action, but has found that the facts are not stated in sufficient detail to entitle the plaintiff to the interposition of a court of equity, though under the evidence which might properly be adduced under the complaint the plaintiff might be shown to be entitled to all that he asks. The same line of distinction appears in the case of Cody v. First National Bank, supra, where the court quote from a controlling authority that where "all of the allegations of the complaint are made for the purpose of procuring equitable relief, and where equitable relief alone is asked for, the complaint cannot be sustained for legal redress where no answer has been interposed," and add:

"We reach the conclusion that the converse of this proposition is also true, and is the law to be applied here—where only legal redress is demanded and no answer is interposed, the complaint cannot be sustained for equitable relief."

In a dissenting opinion in Black v. Vanderbilt, 70 App. Div. 16, 24, 74 N. Y. Supp. 1095, Mr. Justice Laughlin, apparently in harmony with the court in this regard, says:

"The preponderance of authority seems to be to the effect that on a demurrer, for the purposes of ascertaining whether a good cause of action is stated, the inquiry is whether the plaintiff would be entitled to a judgment for any relief by default. Accordingly it is held that where a pleading is framed as an action at law, and there is no prayer for any form of equitable relief, if the complaint fails to state a good cause of action at law, it is demurrable, even though the facts would afford grounds for equitable relief; and it is likewise held that where all the allegations of the complaint are for equitable relief, and equitable relief only is demanded, if a good cause in equity be not alleged, the complaint is demurrable, even though the facts stated show that the plaintiff has a cause of action at law."

But there is a distinction between the facts sufficient to constitute a cause of action, and the facts which might determine the action of the court in granting equitable relief. A cause of action is stated when a complaint shows a wrong on the part of one individual or corporation resulting in legal damages to another, and, while the facts as they appear in this complaint might not be definite enough to authorize the court to grant the full relief demanded, we are of the opinion that the court would be authorized to give judgment restraining the defendant from operating its bowling alleys at unreasonable hours, or in a manner to materially impair the plaintiff's rights in his premises. This would be within the scope of the prayer for relief, and, as the action is clearly one in equity, and equitable relief only is demanded, the case is one where the demurrer should have been overruled, with permission to the defendants to answer. A court of equity is not bound to give relief in every case where there is a good cause of action asserted; the damages may, in the judgment of the court, be too trifling to warrant the relief, or there may be equities on the part of the defendant superior to those urged by the plaintiff, and these would be reasons why the court should refuse to take cognizance of the case, but these are matters going to the judicial discretion of the court, and have noth-

ing to do with the question of law presented by a demurrer as to the sufficiency of the complaint.

The complaint in this action is almost identical in form with that used in the case of Friedman v. Columbia Machine Works, 99 App. Div. 504, 91 N. Y. Supp. 129, and, in our opinion, does state facts sufficient to constitute a cause of action. Whether, upon a trial, the court would be justified in issuing an injunction is not before us. We are only to inquire if a cause of action is stated. The broad facts alleged open the way to proof of a nuisance of a continuing character, for which there would be no adequate remedy at law, and, if these facts are established, we see no reason why the plaintiff should not have relief.

The interlocutory judgment should be reversed, with costs, and the demurrer should be overruled, with costs.

Interlocutory judgment reversed, with costs and disbursements, and demurrer overruled, with costs, with leave to defendant to plead over. All concur.