[No. 29187.   Department Two.   January 31, 1944.]

E. G. Payne *et al., Respondents and Cross-appellants,* v.
E. W. Johnson, *Appellant.*[1]

*Joseph H. Griffin,* for appellants.

*Chadwick, Chadwick & Mills,* for respondents and cross-appellants.

Millard, J.—Lots 23 and 24, block 5, Federal Highway addition, King county, on the Federal highway between the cities of Seattle and Tacoma, purchased by plaintiffs in 1930 and occupied by them as their home, are improved with a six-room modern house, gasoline station and repair shop, and five three-room cottages, which were rented, prior to the present world war, to tourists; since the commencement of the second world conflict the cottages have been rented largely to workers in war industries.

Defendant is the owner and operator of the Northwest Motor-In Theater, which is a motion picture business located on the Federal highway immediately south of a county road known as the Zenith road, or 240th street south, the highway separating the property of plaintiffs from the prop-

[1]Reported in 145 P. (2d) 552.

erty of defendant. This open-air theater is so arranged that its patrons drive in and, seated in their own automobiles, witness a moving picture show projected upon a large screen. The talking portion of the motion picture is transmitted to the patrons through loud-speaking devices.

In August, 1941, when the building of the theater was first contemplated, there were two different methods of speaking equipment employed to carry the sound: One, loudspeaker horns; the other, individual speakers hung on the window of the automobile at the time of entering the theater and plugged into a line on the ramp. The theater is designed for the accommodation of about five hundred automobiles aligned in eleven rows, and the maximum distance of the eleventh row from the four horns is eight hundred feet. The theater opened May 1st and ran to December 6, 1942, seven nights a week, and operated from darkness until about 12:30 a. m., varying with the period of darkness, and for a while on Saturday there was a show for the swing shift which lasted from one a. m. until three a. m. The theater reopened in the spring of 1943.

On the ground that the noise developed through the loudspeaker system is so disturbing to the peace and quiet of plaintiffs and their tenants as to constitute a nuisance, plaintiffs instituted this action October 13, 1942, to enjoin defendant from operating the loud-speaker system in such a manner that the sound therefrom is audible upon the premises of plaintiffs; and, if the loud-speaker system cannot be so controlled at all hours, that defendant be enjoined from operating the loud-speaker system in any manner or at all.

The cause was tried to the court which found that, on occasion when the theater is not fully occupied and the picture being shown is a noisy one, the occasional sounds from the loud-speaker cannot be confined within the area occupied by the theater and the sounds from the loud-speaker are heard within the home of plaintiffs and are particularly disturbing to the peace and quiet of plaintiffs and of their tenants. From the commencement of the operation of the

theater, the noise has been a nuisance offensive to the senses of plaintiffs and a substantial interference with the comfortable enjoyment by them of their life and property, disturbing their repose during the normal hours of repose and materially affecting the health of plaintiff wife. Plaintiff husband is employed in an essential defense industry, as are some of the tenants of plaintiffs, and their rest is necessary to their working efficiency. The continuance of the noise of the operation of the theater in such volume as to penetrate plaintiffs' property is a nuisance which should be abated, and which, if not adequately controlled, will detrimentally affect the health of plaintiffs and the value of their property.

The court further found that there are two methods of projection of sound systems to be used in connection with the operation of open-air theaters: One, the device of loudspeakers such as are installed by defendant in his theater; the other, a system of individual speakers attached to a window of the vehicles of patrons and with a volume control in the hands of the patrons so as to confine the noise of the sound track to the individual vehicle; that the latest system of sound projection is not immediately available to the defendant because of war priorities, but when available will afford an adequate means of restricting the sound track to the premises of defendant.

In harmony with the conclusions of law made in conformity to its findings of fact, the court entered a decree enjoining the defendant from operating the sound effect of the theater in such a manner that, under ordinary atmospheric conditions, without wind augmenting the sound, the sound effect is audible in closed buildings situated on plaintiffs' tract of land to the extent that spoken words are understandable, and after eleven p. m. to the extent that sound effects are audible in the premises so that either spoken words are understandable or other noises emanating from the theater or theater grounds are audible within the buildings located on plaintiffs' premises. Defendant appealed and plaintiffs cross-appealed.

Appellant insists that respondents were not entitled to any relief and that the action should have been dismissed. Respondents contend that the loud-speaker system of sound projection is incapable of being limited in its sound effects to appellant's premises, therefore appellant should have been enjoined from operating the theater at all with sound pictures until such time as a system of individual speakers to be attached to the vehicles of those patronizing the theater may be installed. In effect, while conceding that appellant's business is a lawful one and is conducted in a community where it has a legal right to be, respondents urge that, in the pursuit of that business, appellant has omitted to perform a duty—confine loud-speaker noises of his theater to his own premises—an omission which, under the statute (Rem. Rev. Stat., §§ 943, 944, 9914 [P. C. §§ 8231, 8232, 9131-68]), constitutes a nuisance, to abate which respondents may maintain an action as appellant's nonperformance of duty interferes with respondents' comfortable enjoyment of life and property.

" . . . whatever is injurious to health . . . or offensive to the senses, or an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of the life and property, is a nuisance, and the subject of an action for damages and other further relief." Rem. Rev. Stat., § 943.

"Such action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance. If judgment be given for the plaintiff in such action, he may, in addition to the execution to enforce the same, on motion, have an order allowing a warrant to issue to the sheriff to abate such nuisance. Such motion shall be allowed, of course, unless it appear on the hearing that the nuisance has ceased, or that such remedy is inadequate to abate or prevent the continuance of the nuisance, in which latter case the plaintiff may have the defendant enjoined." Rem. Rev. Stat., § 944.

"Nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either annoys, injures or endangers the comfort, repose, health or safety of others, . . . or unlawfully interferes with . . .

or in any way renders other persons insecure in life, or in the use of property." Rem. Rev. Stat., § 9914.

The evidence amply sustains the trial court's findings of fact. That section of the county in which respondents have their home, rental cottages, and gas station, and in which appellant is engaged in a lawful business with a plant in which he has invested forty-five thousand dollars, is about one-half residence and one-half business property. If appellant were permanently enjoined from operating his theater, his investment would be a total loss as the theater building would have no other value than the purpose for which it was constructed.

It was appellant's purpose when the theater was designed to install a system of individual speakers to be attached to the automobiles of the patrons of the theater, but that system of sound projection could not be installed because of war priorities. As the system of individual speakers was not available for installation when the theater was opened in May, 1942, a loud-speaker system of four horns was installed, and appellant has endeavored constantly since the first complaint was made to confine the sound effects as nearly as possible solely to the theater premises.

Respondents have been subjected to annoyance and their repose has been disturbed by the loud noises from the theater loud-speaker system; however, since the reopening of the theater in the spring of 1943, conditions have been remedied by the reduction of the noise by at least one-fourth of what it was in 1942, which amelioration one of the witnesses attributed to the institution of this action in October, 1942. Respondents admit that conditions have improved since the spring of 1943; that they are not now annoyed as in 1942, and that they desire to see the theater in operation every day if it can be operated under conditions which will not destroy their repose.

The trial court was convinced by competent evidence that respondents, by reason of the loud-speaker noises from appellant's theater, had been deprived during the year 1942 of reasonable comfort and rest which they had a lawful

right to enjoy, but that, if the noise were reduced, as it could be, the home of respondents would not be rendered less desirable and comfortable by appellant's orperation of his theater.

Appellant's business is lawful in itself and is conducted in a community where it has a legal right to be. Whether appellant's particular use of his property constitutes a nuisance presents the question whether the use to which the property is put is reasonable or unreasonable. See *Ebur v. Alloy Metal Wire Co.*, 304 Pa. 177, 155 Atl. 280; *Powell v. Superior Portland Cement*, 15 Wn. (2d) 14, 129 P. (2d) 536. The use by appellant of his property, as restricted by the court's decree, will be a reasonable use. Until such time as the individual speaker system is available for installation, the noise from the loud-speaker system may be so controlled, as decreed by the trial court, that the annoyance of which respondents complain will be discontinued.

In balancing the equities, the trial judge sitting as a chancellor, properly provided for the continuance of operation of a lawful business in such a manner that it will not interfere with respondents' comfortable enjoyment of life and property; therefore, the decree should be, and it is, affirmed.

SIMPSON, C. J., BLAKE, ROBINSON, and MALLERY, JJ., concur.