Ralph WALLACE et al., Appellees,

v.

ANDERSONVILLE DOCKS, INC., et al., Appellants.

Court of Appeals of Tennessee, Eastern Section.

Feb. 18, 1972.

Certiorari Denied by Supreme Court Aug. 7, 1972.

Edward F. Hurd, Newport, Hal Clements, Jr., Knoxville, for appellants.

Asquith, Ailor & Jones, Knoxville, for appellees.

## OPINION

PARROTT, Judge.

In this declaratory action, defendants have appealed from the chancellor's decree declaring the operation of their proposed motorcycle "scrambles course" to be a nuisance and permanently enjoining the operation at the proposed location.

The several complainants are property owners in the Squirrel Hill Addition, a subdivision owned and developed by the defendants, Andersonville Docks, Inc. and Mr. and Mrs. Jim DuBose. The remaining defendant, Frankie Waddell, is a son-in-law of the DuBoses.

In the early part of 1970, defendant Waddell commenced construction of a motorcycle race track or scrambles course on vacant property leased from Andersonville Docks, Inc. The scrambles course is located adjacent to the Squirrel Hill Subdivision where the complainants live. The record does not go into detail as to the extent of the construction but does clearly show that no races have ever been held on the course. The proposed races were planned to be held on every other Sunday afternoon from late spring through early fall. The races would take some two to two and one-half hours not including time for trial runs.

Numerous witnesses, including many of the complainants, testified as to the noise emanating from the motorcycles. Since no races have been held on the track, no witness testified as to the discernible noise in the particular locality of the complainants' homes.

Defendants called as their expert witness, Dr. David Lipscomb, a clinical audiologist and director of the University of Tennessee noise study laboratory. Dr. Lipscomb testified that sound dissipates as it travels. He explained that it was difficult to forecast what the sound level of a noise will be because you must take into consideration the contour of the land, trees, atmospheric conditions, etc. It was his opinion that from the center of the course to some 500 feet away the sound level of a motorcycle, under ideal conditions, would be somewhere near 60 decibels. He further stated that his speaking voice was somewhere between 70 and 75 decibels.

In spite of Dr. Lipscomb's testimony, we believe common knowledge tells us that motorcycles do generally emit consid-

erable noise through their exhaust system. Nevertheless, in the instant case we find no competent credible evidence showing the sound level of noise to be produced when the scrambles track is in operation.

This Court, in Caldwell v. Knox Concrete Products, Inc., 54 Tenn.App. 393, 391 S.W.2d 5, held that generally noise is not a nuisance per se. In the Caldwell case the Court, speaking through Judge Cooper, had the following to say on the subject of noise being a nuisance:

"A nuisance has been defined as anything which annoys or disturbs the free use of one's property, or which renders its ordinary use or physical occupation uncomfortable. Adams v. Hamilton Carhartt Overall Co., 293 Ky. 443, 169 S.W. 2d 294. In City of Nashville v. Nevin, 12 Tenn.App. 336, it was said that a nuisance extends to everything that endangers life or health, gives offense to the senses, violates the laws of decency, or obstructs the reasonable and comfortable use of property. See also Williams v. Cross, 16 Tenn.App. 454, 459, 65 S.W.2d 198.

"What is a reasonable use of one's property and whether a particular use is an unreasonable . invasion of another's use and enjoyment of his property cannot be determined by exact rules, but must necessarily depend upon the circumstances of each case, such as locality and the character of the surroundings, the nature, utility and social value of the use, the extent and nature of the harm involved, the nature, utility and social value of the use or enjoyment invaded, and the like. See Clinic & Hospital v. McConnell, 241 Mo.App. 223, 236 S.W.2d 384, 23 A.L.R.2d 1278; Restatement, Torts, Secs. 822, 831, pp. 214, 265.

"Generally, noise is not a nuisance per se for it is recognized that no one is entitled to absolute quiet in the enjoyment of his property, but may only insist upon a degree of quietness consistent with the standard of comfort prevailing in the locality in which he dwells or has his business. Collins v. Wayne Iron Works, 227 Pa. 326, 76 A. 24, 19 Ann.Cas. 991. See also Hannum v. Gruber, 346 Pa. 417, 31 A. 2d 99; 66 C.J.S. Nuisances § 22 a. However, noise may constitute a nuisance in fact even though it arises from the operation of a factory, industrial plant or other lawful business or occupation. Phelps v. Winch, 309 Ill. 158, 140 N.E. 847, 28 A.L.R. 1169; Warren Co. v. Dickson, 185 Ga. 481, 195 S.E. 568; Magel v. Gruetli Benevolent Society of St. Louis, 203 Mo.App. 335, 218 S.W. 704; Payne v. Johnson, 20 Wash.2d 24, 145 P.2d 552; 39 Am.Jur., Nuisance, Sec. 47, p. 330. The test in such cases is 'whether rights of property, of health or of comfort are so injuriously affected by the noise in question that the sufferer is subjected to a loss which goes beyond the reasonable limit imposed upon him by the condition of living, or of holding property, in a particular locality in fact devoted to uses which involve the emission of noise although ordinary care is taken to confine it within reasonable bounds; or in the vicinity of property of another owner who though creating a noise is acting with reasonable regard for the rights of those affected by it.' Tortorella v. H. Traiser & Co., 284 Mass. 497, 188 N.E. 254, 90 A.L.R. 1203. See also City of Chicago v. Reuter Bros. Iron Works, Inc., 398 Ill. 202, 208, 75 N.E.2d 355, 359, 173 A.L.R. 266."

In State v. Feezell, 218 Tenn. 17, 400 S. W.2d 716, nearby property owners filed a suit seeking to enjoin the operation of a proposed crematory. Our Supreme Court, in affirming the chancellor's sustaining a demurrer, said:

" 'A *mere possibility* or *fear* of *future injury* from a structure, instrumentality, or business which is *not* a nuisance *per se* is not ground for injunction, and equity will not interfere where the apprehended injury is doubtful or speculative; reasonable probability, or even reasonable certainty, of injury, or

a showing that there will necessarily be a nuisance, is required.' 66 C.J.S. Nuisances § 113 (1950). (Emphasis supplied.)

"Another Tennessee case set forth the rule more generally: Injunctions will not issue 'merely to relieve the fears or apprehensions of an applicant.' Nashville, C. & St. L. R. v. Railroad & Public Utilities Comm., 161 Tenn. 592, 32 S.W. 2d 1043 (1930). In Central Drug Store v. Adams, 184 Tenn. 541, 201 S.W.2d 682 (1947), it was said that

" ' * * * [w]here a business is not a nuisance in and of itself, a court of equity will not anticipate that it will be operated injuriously to others and award an injunction to abate it.' 184 Tenn. at 549, 201 S.W.2d at 685."

■ The Feezell opinion makes it clear that anticipatory nuisance will only be enjoined when the injury is imminent and certain to occur. Injunctive relief will be granted only in those cases where it is shown that the proposed establishment is a nuisance per se. Thus, the thing complained of must be a nuisance at all times under any circumstances, regardless of location or surroundings. If the thing complained of is a nuisance per accidens, that is, a nuisance in fact which by reason of circumstances, surroundings or operations, may cause injury but the harm is uncertain or contingent, such nuisance will not be enjoined anticipatory to its going into operation.

■ In this case we do not find sufficient evidence to hold the operation of the scrambles course to be a nuisance per se subject to immediate injunction. Under the proof we must hold the injunction has been prematurely issued.

It results the decree of the chancellor is reversed and complainants' suit dismissed with costs.

SANDERS, J., and LUKE M. McAMIS, Special Judge, concur.