MISSOURI FEDERATION OF the BLIND, Plaintiff-Respondent,

v.

NATIONAL FEDERATION OF the BLIND OF MISSOURI, INC.,

and

National Federation of the Blind, Defendants-Appellants.

No. KCD 28416.

Missouri Court of Appeals, Kansas City District.

Dec. 27, 1976.

George E. Feldmiller, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Charles M. Tureen, Blumenfeld, Kalishman, Marx, Tureen & Paster, P. C., St. Louis, for defendants-appellants.

David Waldman, Waldman, Milligan & Lombardo, Kansas City, C. Jack McEnery, Baine & McEnery, St. Louis, for plaintiff-respondent.

Before PRITCHARD, C. J., and SHANGLER, DIXON, SWOFFORD, WASSERSTROM, SOMERVILLE and TURNAGE, JJ.

DIXON, Judge.

An appeal from a judgment of civil contempt. The original suit was between plaintiff Missouri Federation of the Blind and National Federation of the Blind of Missouri, Inc. In this litigation, the National Federation of the Blind, Inc., a District of Columbia corporation, intervened. An injunction was issued by the circuit court which enjoined defendant from the use of the name National Federation of the Blind of Missouri, Inc. The earlier trial court action was affirmed by this court in an opinion reported in 505 S.W.2d 1. After the mandate issued, the name of defendant was changed to National Federation of the Blind. This appeal arises from the plaintiff's motion for and an order to show cause why defendant should not be held in contempt. The trial court found the defendant guilty of contempt of its prior injunctive order. The portion of the decretal language in the injunction pertinent to the issues on this appeal is as follows:

"IT IS ORDERED AND ADJUDGED . . . that defendant . . . be . . . perpetually enjoined and restrained . . . (c) that defendant be permanently enjoined from using any combination of the following words: Missouri, Federation, and Blind, unless defendant wishes to revert to the use of its prior name, The Progressive Blind of Missouri."

The trial court levied a fine which was prospective in nature accumulating on a

daily basis upon the continuance of the use of the name the defendant sought to use. A stay was issued and a variety of issues are posed as to the propriety of the fine and the stay which need not be decided if, upon the primary contention of the defendant, it is determined that the injunction has not been violated.

That primary issue of the fact of a violation of the injunction is upon two grounds. The defendant and the defendant intervenor, which continues as a party and an appellant, without objection, contend first that the trial court erred in its construction of Section 417.150(2) RSMo 1969. The argument is that the defendant intervenor, The National Federation of the Blind, Inc., has a prior right in the use of that name and the finding of the trial court that the defendant, an "affiliate" and "member," can be denied the permissive use of the intervenor's name because it is a separate corporation is in error.

The plaintiff makes no response in its brief to this point, and so this court is without benefit of the views of the plaintiff with respect to the assertion. The statute in question in relevant part is as follows:

> "In all cases where two or more such . . . corporations . . . claim the right to the same name or names substantially similar . . . , the organization which was first organized and used the name and first became incorporated . . . under the laws of the United States or of any state . . . shall be entitled in this state to the prior and exclusive use of such name, and the rights of such . . . corporations . . . and of . . . individual members shall be fixed and determined accordingly." Section 417.150(2) RSMo 1969.

The thrust of the contention is that the last phrase "and the rights of said societies, associations, corporations or organizations and of their individual members shall be fixed and determined accordingly," gives *rise to a right* in the defendant to the use of this name as a "member" of the National Federation of the Blind. The defendant

here, upon the stipulated facts in the prior appeal, was an affiliate and integral part of the National Federation of the Blind, Inc. and its members were members of the intervenor.

The pertinent portions of the stipulation are:

> "7. That the NFB is composed of 45 affiliated organizations known as the state affiliates and its members consist of the members of each such affiliated organization and other blind persons; . .

> "8. That since the date of its incorporation to the date hereof, the NFB has used its corporate name, . . . to identify itself, and certain of its affiliates and the members thereof. That continuously since its incorporation, the NFB is and has been the sole and exclusive owner of and solely and exclusively entitled to use said name, . . . .."

The exhibits in the record relating to the incorporation of the intervenor also refer to the status of affiliates. The original certificate of incorporation of the National Federation of the Blind filed in the District of Columbia in 1949 provided among the objects of the corporation were "to accept into fraternal membership blind individuals and affiliate organizations composed of and controlled by the blind." The constitution of the National Federation of the Blind, Incorporated, provides for a definition of affiliates and admission to membership in the Federation and provides for the casting of the vote of a state by its affiliate member in the national organization.

The prior opinion dealt with a different issue as to the same statute (505 S.W.2d at 8–10).

There the National Federation of the Blind, Inc., which was organized as a District of Columbia corporation in 1949, intervened. The intervenor sought in that earlier litigation to prevent the present plaintiff from utilizing the name, Missouri Federation of the Blind, as being an improper simulation of intervenor's name and violative of Section 417.150(2) which intervenor claimed gave it protection of its admittedly

prior use. The prior opinion, tacitly assuming that the statute protected intervenor and assuming likewise that the similarity was sufficient to confuse, held that the intervenor had been guilty of laches which barred it from claiming the protection of the statute.

A different aspect of that statute is presented on this appeal. In this case, defendant claims that it is a member of the National Federation of the Blind, intervenor in the prior case, and that as a "member" is entitled to the protection of the statute as to use of the name.

■ In view of the broadness of that claim, however, it need not be decided that the defendant's use of the name National Federation of the Blind is authorized by reason of Section 417.150, although it seems clear that the trial court erroneously concluded that the mere fact of separate incorporation would deny such a result. Organizations on a national basis might be corporate in character and be composed entirely of corporate members whether such corporate members were geographically identified by states or simply were members of similarly situated enterprises. Thus, most trade associations would consist of a parent corporation to which a wide variety of corporations might belong.

■ In any event, the holding in the prior opinion that the National Federation of the Blind could not successfully prohibit the plaintiff's use of its corporate name does not require a holding here that the National Federation of the Blind be barred from permitting the use of its name by another organization. To hold that it was barred by our prior opinion from doing so would do more than protect the Missouri Federation of the Blind in the use of its name; it would permit the Missouri Federation of the Blind to impinge upon the right of the National Federation of the Blind to the use of that name in Missouri. In different circumstances, it might be necessary to reach or decide the question of the meaning of the words "individual members" in subsection 2. In the circumstances of this case, it is sufficient to hold that Section 417.150(2) permits intervenor to use the corporate name in Missouri and as a concomitant of that right to permit its use by others.

The holding above does not dispose of the primary issue in this case which is the propriety of the finding of contempt by the circuit court. That issue turns on the construction to be placed upon the decree.

The positions of the parties on this branch of the case are well defined. Plaintiff contends that the decree prohibits the use in combination of any *two* of the three words, Missouri, Federation and Blind, while defendant contends all three must appear before the decree is offended. Defendant extends this argument by asserting that if the language of the injunctive order is doubtful or ambiguous, it will not support a contempt citation.

The prior opinion did not reach or decide any issue of the construction to be placed upon the decree. The dispute in the prior case was the propriety of the trial court's order, vis-a-vis, the then-corporate name of the defendant, NFB of Missouri. The language of the prior opinion as to the similitude of the names must be read in the context of the then-presented facts.

The construction of the lower court decree sought by the plaintiff would seem on its face to be too broad. If the construction urged were adopted, combinations of two of the three words can be formed which would have little or no tendency to confuse the public. Among names which might be proscribed under that interpretation would be National Federation of the Sightless Handicapped, National Blind Association, Blind Association of Missouri.

■ Recognized principles require that the decree be construed as the defendant contends. A decree which is ambiguous and uncertain will not support an order of contempt. *Magel v. Gruetli Benevolent Soc.*, 203 Mo.App. 335, 218 S.W. 704 (1920). Likewise, the decree must be sufficiently definite to protect the complaining party and at the same time not be so general as to unjustly circumscribe the rights of the party enjoined. *Huegel v. Kimber*, 359 Mo. 938, 224 S.W.2d 959, 963 (1949).

Since the task here presented is the construction of a judgment, general rules of construction apply and words and clauses must be construed in accordance with their natural import. *Keiser v. Wiedmer,* 283 S.W.2d 914 (Mo.App.1955). And a judgment will be construed with reference to the record as a whole. *Chuning v. Calvert,* 452 S.W.2d 580 (Mo.App.1970).

So considered, the plain language of the decree presents no issue of ambiguity. "[A]ny combination of the following words" must in ordinary usage mean a combination of the three words enumerated. The record upon which this judgment rests, including our prior opinion, demonstrates that the meaning of the decree is that all the relevant words must be contained before the decree is violated. The *defendant* in its *initial* brief filed in this court asserted the proposition now espoused by the plaintiff. To that argument, that the decree was overly broad because prohibiting *any* combination of two or more of the three words, this court held that the decree was "sufficiently defined" to withstand that attack.

The trial court's decree must be taken to be an injunction against the use of the three words in combination. This the name claimed by defendant does not do. The defendant's use of National Federation of the Blind is not violative of the decree.

Plaintiff makes some contention that defendant's addition of a parenthetical phrase (a Missouri corporation) on the letterhead supports the action of the trial court because three of the operative words appear. The parenthetical phrase is in very small type and could not be considered as part of the corporate name, it being clearly intended as a description of the location of the corporation named. Such additional descriptive material has been held not be be part of the corporate name. *Blades v. Cinder Block Co.,* 10 S.W.2d 319, 320 (Mo.App. 1928):

> "[T]he customary phrase, 'of a location,' is not to be considered as a part of the corporate name, but rather as descriptive of the situs of the corporation itself, so that the omission or addition of such

phrase is generally to be regarded as immaterial."

The finding of contempt and the fine levied in accordance therewith are erroneous and should be reversed. So holding, this court need not address the contentions concerning the amount of the fine and the stay.

All concur.