**Frank DALLAVALLE and Clara Dallavalle, Plaintiffs-Appellants,**

v.

**BERRY GRANT COMPANY, a Missouri corporation, and Robert E. Flynn and Virginia Flynn, Defendants-Respondents.**

**No. 33734.**

St. Louis Court of Appeals, Missouri.

Dec. 22, 1970.

Thompson, Mitchell, Douglas, Neill & Guerri, Richard A. Gephardt, St. Louis, for plaintiffs-appellants.

Armstrong, Teasdale, Kramer & Vaughan, John J. Cole, George S. Thomas, St. Louis, for defendants-respondents.

BRADY, Judge.

In this unlawful detainer action instituted in the magistrate court judgment was entered in favor of defendants. Plaintiffs appealed to the circuit court but before trial in that court and without leave of court or notice to defendants, voluntarily dismissed " * * * their appeal from the Magistrate Court of the City of St. Louis herein and their petition herein without prejudice at plaintiffs' costs." Eleven days later defendants filed a motion for affirmance of the magistrate court judgment. The circuit court sustained that motion and upon a denial of their motion for rehearing or new trial plaintiffs appeal.

Following their appeal to this court plaintiffs filed a second complaint in unlawful detainer in the magistrate court, the allegations of which are in essence identical to the allegations in the first complaint with the exception of a change in the alleged date of notice to vacate and the addition of language indicating the alleged violations of the terms of the lease are continuing. Defendants' motion to stay the proceedings pending the outcome of the instant appeal was sustained by the magistrate court.

We need to dispose of some preliminary matters. First, it should be noted that in the instant appeal we are not confronted with the question of whether an appeal will lie from an order granting a voluntary nonsuit.[1] The result of the circuit court's action in affirming the magistrate court's judgment was, in effect, to render ineffective the dismissal of the cause of action. It is from that judgment of affirmance this appeal is taken, not from the voluntary nonsuit.

Secondly, it is plain from the language of the memorandum noted in the first paragraph of this opinion that plaintiffs dismissed not only their appeal but also their cause of action.[2] Accordingly,

---

1. See § 512.020, V.A.M.S., and cases collected at Note 83.

2. The dismissal of only the appeal to the circuit court revivifies the judgment of

there is no merit in defendants' contention plaintiffs' voluntary nonsuit constituted nothing more than an abandonment of that appeal thereby revivifying the judgment of the magistrate court and supporting the trial court's action affirming that revivified judgment.

The instant appeal belongs to that class of case where not merely the appeal to the circuit court but the cause of action itself is dismissed. · This court, by this writer, recently passed upon such a situation in Aubuchon v. Ayers, Mo.App., 400 S.W.2d 472. The decision in Aubuchon follows the Supreme Court's ruling of McClellan v. Sam Schwartz Pontiac, Inc., Mo., 338 S.W.2d 49. These cases proceed on the basis that upon the filing of the transcript of the proceedings in the magistrate court the circuit court is possessed of the cause and shall proceed to hear, try and determine it anew (§ 512.270, V.A.M.S.), and that the trial in the circuit court under such circumstances is to be governed by the practice in the circuit court (§ 512.310, V.A.M.S.). The correct status of appeals from the magistrate court is as set forth by this court in Leonard v. Security Bldg. Co., 179 Mo.App. 480, 162 S.W. 685, l.c. 687: "From the language of the Supreme Court in Pullis v. Pullis, supra [157 Mo. 565, 57 S.W. 1095], it appears that a *dismissal of the appeal* 'revivifies' the judgment of a justice. This may be quite true without in any manner affecting the real question before us. It is immaterial that the judgment may thus be revived and again become in force. But, unless it is so revived by the *dismissal of the appeal,* it never again acquires any force; for the case will otherwise proceed de novo in the circuit court as though it had been originally instituted there, and the circuit court will ultimately enter its judgment therein, *unless the plaintiff should exercise his right to dismiss the cause or take a nonsuit, in which event the case is taken out of court and the judgment of the*

*justice thereby vacated."* (Emphasis supplied.) Silent Automatic Sales Corporation v. Stayton, 45 F.2d 476, 8 Cir., was cited in Aubuchon. After an exhaustive review of the early Missouri decisions upon this somewhat knotty problem, the court in Silent Automatic set out the language from Leonard quoted above and followed it by stating (45 F.2d 476, l.c. 478): "This accords with an unbroken line of Missouri decisions. It is held that: 'When an appeal is taken from the judgment of a justice of the peace, the plaintiff may in the circuit court dismiss his suit. The cause then stands as if no judgment had been rendered.' Turner v. Northcut, 9 Mo. [251] 252; Lee v. Kaiser, 80 Mo. 431; Williams v. Lewis, 47 Mo.App. 657. * * * This is because the case is pending anew in the circuit court. * * * In case *the appeal is dismissed* by court or judgment debtor, the judgment is thereby 'revivified'; as, of course, it could not be if it had been absolutely vacated by appeal with supersedeas. Pullis v. Pullis, supra. It is obvious, therefore, that, after appeal and the giving of a supersedeas, the suit of appellee against appellant was simply an action at law pending in the circuit court of the city of St. Louis. As such, it could have been *dismissed, * * *."* (Emphasis supplied.)

We believe it would be manifestly unjust to reach such a decision in the instant appeal. It is true that both Smith v. Taylor, Mo.App., 289 S.W.2d 134, and McClellan, supra, hold that the "mere fact" that a party could bring another action does not justify a denial of his request for a voluntary nonsuit—a dismissal without prejudice. Such a statement must be read with careful regard to the facts of Aubuchon, Smith, McClellan and such cases. In each of those cases the second action was brought in the circuit court. Indeed the original action could have been brought there. That is not true in the instant appeal. Section 510.130, V.A.M.S. (Civil Rule 67.01, V.A.M.R.)

the magistrate court. Pan American Realty Corporation v. Muroff, Mo.App., 456 S.W.2d 647, l. c. [3] 649. Such cases proceed on the basis that the judgment of the magistrate court is not vacated but is suspended until the appeal is dismissed.

provides that only one such dismissal is permissible in the circuit court except under circumstances not present in any of those cases or in the instant appeal. The situation with respect to unlawful detainer actions is far different. Such actions must be commenced in the magistrate court. The rule and statute providing for only one dismissal is not applicable to such courts. Section 506.010, V.A.M.S.; Civil Rules 41.01 and 41.02, V.A.M.R. It follows that to sustain plaintiffs' contention would mean that plaintiffs could again prosecute their action in the magistrate court—as they have already begun to do—and if they lost again appeal, again voluntarily dismiss their cause of action upon the appeal being perfected in the circuit court, again refile in the magistrate court, and continue to do so until they are finally victorious in the magistrate court.

 In McClellan, supra, it was held that while the right to a voluntary dismissal without prejudice is not absolute, the right to so dismiss has been well established and recognized throughout all of our procedure. The test to determine whether such a dismissal should be permitted is to inquire whether by so dismissing a party would gain some undue advantage or would cause the other party to lose some right of defense. See Smith v. Taylor, supra, quoted with approval in McClellan. Under such circumstances as here exist the option available to plaintiffs to refile their action goes far beyond the mere fact recited in Smith and McClellan when ruling that issue. It constitutes an "undue advantage" to plaintiffs so as to compel an exception to the rule allowing plaintiffs to so dismiss as announced in McClellan, and by this court in Aubuchon v. Ayers, supra.

It would ordinarily follow from what has been above held that the judgment would be affirmed. That remedy is un-available to us in the instant appeal. This for the reason that defendants' motion for affirmance was filed well after the dismissal of the appeal.[3] The appeal and the cause of action having been dismissed there was nothing pending in the circuit court when the motion for affirmance was filed. There was neither an appeal nor an action pending before the circuit court in which the motion could be properly filed and to support the trial court's action. Accordingly, although we hold the trial court reached the proper result we cannot affirm but must reverse this judgment. We do so with directions that the cause be remanded to the trial court with instructions to set aside the dismissal and enter its order denying plaintiffs' motion to dismiss.

WOLFE, P. J., and DOWD, J. concur.

---

3. It does not appear from the record before us or the briefs or the agreed statement of fact as to just when the dismissal was entered. Plaintiffs' motion to dismiss is dated September 22 and we assume that it was entered that same day. In any event we think it a clear inference from the briefs that it was entered prior to October 3 when defendants filed their motion for affirmance of judgment.