Virginia TROGDON, Plaintiff-Appellant,

v.

Edward STRUMBERG, Defendant-Respondent.

No. 35407.

Missouri Court of Appeals, St. Louis District, Division 1.

Sept. 3, 1974.

Newmark & Baris, Thomas L. Kelly, St. Louis, for plaintiff-appellant.

Albrecht & Homire, R. Forder Buckley, St. Louis, for defendant-respondent.

WEIER, Judge.

Plaintiff, Virginia Trogdon, was the movant in a proceeding in the probate court of St. Louis County in the estate of William Trogdon, deceased, seeking an accounting of partnership assets from defendant, Edward Strumberg, the surviving business partner of appellant's deceased husband under the provisions of § 473.230, RSMo 1969, V.A.M.S. Related litigation is reported in the case of Strumberg v. Mercantile Trust Company, 367 S.W.2d 535 (Mo.1963). The citation to the surviving partner which had been issued by the probate court was dismissed by that court on February 8, 1965 and, pursuant to § 472.200, RSMo. 1969, V.A.M.S., plaintiff appealed that decision on March 2, 1965 to the circuit court of St. Louis County. Thereafter, on December 17, 1968, the case was dismissed by the circuit court without

prejudice because of failure to prosecute. Within approximately eleven months thereafter, that is on November 25, 1969, plaintiff then filed a petition in the circuit court "to reinstate appeal from order of dismissal of the Probate Court of St. Louis County, Missouri." This pleading recited the procedural events which had preceded its filing, stated that it was brought pursuant to the provisions of § 516.230, RSMo. 1969, and sought to have the appeal reinstated in the circuit court. Upon the filing of a motion to dismiss by defendant Strumberg, the court dismissed the petition to reinstate with prejudice. This was declared by the court to be a final order for purposes of appeal.

Plaintiff's contention on appeal is that the court erred in dismissing her petition because, pursuant to § 516.230, RSMo. 1969, V.A.M.S., it had been properly and timely filed within one year after the dismissal of the earlier appeal without prejudice. Plaintiff's problem, however, is that she seeks to have us treat her petition "to reinstate appeal" as though it were a restatement of an original proceeding in the circuit court seeking an accounting of partnership assets rather than, as she has entitled it, a "petition to reinstate appeal". § 516.230, supra, specifically states that where an action has been commenced within the times required under the general statutes of limitation set forth in §§ 516.010 to 516.370, RSMo.1969, V.A.M.S., and the plaintiff suffers a nonsuit, he "may commence a new action from time to time, within one year after such nonsuit * * *." But plaintiff seeks to revive the probate proceeding which had been appealed rather than to institute a "new action". For example, in Paragraph 7 of her petition she states: "This action is now brought pursuant to the provisions of Sec. 516.230, M.R.S. (sic) to commence this appeal process anew." Again she states in Paragraph 9: "Petitioner will proceed through the discovery processes available to her to develop and present this new and relevant evidence to this Court in the course of the de novo consideration of the citation to require an accounting of these partnership assets." In her prayer, she seeks "the reinstitution of this appeal action in this Court and for an order of this Court to require the respondent to proceed with the accounting of the partnership assets." § 516.230, supra, contemplates that a new case be filed which has an identity with the first cause of action. This statute applies only when the cause of action pleaded in the second suit is the same as the cause of action alleged in the first suit. State ex rel. Blackburn Motor Company v. Litzinger, 417 S.W.2d 126, 128 (Mo.App. 1967).

Plaintiff here has not commenced a new action as required by the statute, but instead is attempting to revive the old cause of action that was filed as a special proceeding in the probate court under § 473.230, supra. The effect of the first dismissal of plaintiff's case in the circuit court was to vacate the probate court's order issued there before she appealed to the circuit court. Hickerson v. Con Frazier Buick Co., 264 S.W.2d 29, 31[3] (Mo.App. 1953). She, therefore, would have had to reinstitute her new proceeding in the probate court where she originally filed her cause of action, because with the probate judgment eliminated by the first dismissal in the circuit court, there could be nothing pending in the circuit court to act upon. This is true even though § 472.250, RSMo. 1969, V.A.M.S., mandates that an order or judgment of the probate court appealed from shall continue in full force and effect when any appeal is dismissed by the circuit court, because in this instance, the circuit court did not dismiss the appeal, but rather dismissed the cause of action. A dismissal of the appeal revivifies the judgment of the lower court, but a dismissal of the petition or the cause of action takes the case out of court and the judgment of the lower court is vacated. Dallavalle v. Berry Grant Company, 462 S.W.2d 175, 177 (Mo.App.1970). Although Dallavalle dealt with an appeal from the magistrate court, the practice on appeal from the probate court is like that on appeal from a magis-

trate court unless otherwise provided by law. In re Howard's Estate, 128 Mo.App. 482, 106 S.W. 116, 120 (1907).

Plaintiff's petition to reinstate her appeal was properly dismissed by the circuit court. Judgment is affirmed.

DOWD, C. J., and SIMEONE and KELLY, JJ., concur.