STATE of Missouri, ex rel. J.L. MASON GROUP OF MISSOURI, INC., Plaintiff–Respondent,

and

County of St. Charles, Missouri, Defendant–Respondent,

v.

VILLAGE OF DARDENNE PRAIRIE, Intervenor–Appellant.

No. 54670.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 24, 1989.

Richard Dwight Sabbert, St. Peters, James Allan Borchers, St. Charles, for appellant.

Frederick W. Drakesmith, St. Charles, for respondent.

DOWD, Presiding Judge.

Intervenor appeals in plaintiff's action against St. Charles County pursuant to denial of a rezoning application. Plaintiff dismissed the issue before appellant's application to intervene was ruled upon. We dismiss the appeal.

In August 1987, plaintiff-respondent J.L. Mason Group instituted an application for rezoning of a certain area in St. Charles County pursuant to a plan for redevelopment. After a public hearing, the St. Charles County Planning and Zoning Commission denied the application; one of the three commissioners opposed the plan. In January 1988, plaintiff filed a petition against St. Charles County for Review, Writ of Certiorari and Declaratory Judgment seeking an order requiring approval of the application. On March 3, the parties entered into a settlement agreement which provided in part that the application would be granted and the court file would be closed. On the same day, the court entered an order implementing the settlement agreement. The trial judge found that the agreement was not unconscionable, ordered the parties to perform per its terms and closed the file until April 4. In addition, the judge specifically stated that:

> The corrected plat is hereby approved and is ordered to be filed with the Recorder's office and the Planning and Zoning Department of St. Charles County, Missouri, and the defendant is to issue, in accordance with the Ordinances of St. Charles County, Missouri, all building and other governmental permits in a prompt and reasonable manner.

On March 9, motions to intervene and a motion to open the court file were filed by various individuals and the Village of Dardenne Prairie, a municipality located within one and a half miles of the disputed area. On March 11, the court held a preliminary hearing on these motions. The potential intervenors expressed a concern that, because the file was to be closed for 30 days, they would never have an opportunity to challenge it since the court would lose jurisdiction before they could discover the contents.

The judge concluded that it would be appropriate to have an evidentiary hearing on the motion to intervene. He suggested setting the hearing for April 12, one week after the file would be opened. This would give the intervenors a chance to review the file prior to the hearing. Counsel responded that after thirty days the order would become final and the hearing would be moot since the court would have no jurisdiction at that time. To prevent this, the judge entered an order holding that the evidentiary hearing would be held April 12, the settlement agreement would not be considered final until April 4, but the court specifically retained jurisdiction until the motion to intervene was heard and determined. Eleven days later, the intervenors filed a Motion to Vacate, Reopen, Correct, Amend or Modify Judgment and/or Modify Hearing Date on Intervenor's Application. The judge denied the motion. On April 8, the intervenors filed a notice of appeal to this court.[1] On April 12, prior to the 1:30 p.m. evidentiary hearing, plaintiff voluntarily dismissed the case with prejudice.

▇▇▇▇ Plaintiff has filed a motion to dismiss this appeal on the ground that we have no jurisdiction. It argues that when it dismissed the action, the trial court immediately lost jurisdiction; it was as if suit had never been filed. *State ex rel. Fischer v. McKenzie*, 754 S.W.2d 557, 559–60 (Mo. banc 1988). Since an appellate court derives jurisdiction from the trial court, *State ex rel. Webster v. San Juan Prod.*, 728 S.W.2d 735 (Mo.App.1987), plaintiff claims we have no jurisdiction. Under the terms of Rule 67.01, a plaintiff may as a matter of right voluntarily dismiss without prejudice and without leave of court prior to the introduction of evidence at trial. *Fischer*, 754 S.W.2d 557 at 561. A pre-trial hearing before the trial judge which results in a disposition on the merits may constitute an introduction of evidence for purposes of this rule. *See Smith v. A.H. Robins Co.*, 702 S.W.2d 143, 146 (Mo.App.1985), overruled on other grounds in *Speck v. Union Elec. Co.*, 731 S.W.2d 16, 20 (Mo. banc

1987). All other dismissals require an order of court, *First Nat. Bank of Colo. Springs v. Mark IV*, 591 S.W.2d 63, 67 (Mo.App.1979). Such leave shall be freely granted and that decision is within the discretion of the trial court. *Braun v. General Motors Corp.*, 579 S.W.2d 766, 771 (Mo. App.1979).

▇▇▇ In the case at bar, the trial judge granted leave to dismiss by entering and initialling an order of dismissal on the minute sheet. The record does not disclose any attempt by appellant to show cause why the dismissal should not be granted. Even more telling is the absence of any objection to dismissal at the trial level. Although appellant claims that this dismissal denied them a chance to intervene, we will not address an issue not presented to or ruled on by the trial court. *BCI Corp. v. Charlebois Const. Co.*, 673 S.W.2d 774, 782 (Mo. banc 1984). On the basis of the record before us, we cannot hold that the trial court abused its discretion in granting leave to dismiss. Consequently, the dismissal is effective and we have no jurisdiction to address the merits of the appeal.

Appeal dismissed.

SIMON and HAMILTON, JJ., concur.

---

1. The individual intervenors subsequently dismissed their appeals, leaving the Village of

Dardenne Prairie as the sole appellant.