John F. DOHERTY, Plaintiff–Appellant,

v.

Mike McMILLEN, Asplundh Tree Co., Defendants–Respondents.

No. 58261.

Missouri Court of Appeals, Eastern District, Division One.

March 19, 1991.

**362**

Robert H. Wendt, St. Louis, for plaintiff-appellant.

Robbye Hill Toft, St. Louis, for defendants-respondents.

PUDLOWSKI, Presiding Judge.

On January 25, 1989, appellant Doherty filed a petition in the Small Claims Court of St. Louis County, Missouri, against respondent Asplundh Tree Expert Co. Appellant alleged an assault by respondent McMillen, Asplundh's employee and appellant's supervisor. On March 20, 1989, this petition was dismissed for failure to state a claim upon which relief can be granted. On that same day, appellant filed another petition against respondent McMillen stating the same allegations as the first petition. On April 17, 1989, respondent McMillen's motion to dismiss the second petition was sustained on the grounds of exclusivity of the Workers' Compensation [1] remedy and mandatory arbitration under the collective bargaining agreement.

On January 11, 1990, appellant filed suit against respondents Asplundh and McMillen in the Circuit Court of St. Louis County, Missouri (Cause No. 605474). This complaint contained substantially the same allegations as the small claims petition.[2] The trial court sustained respondent's motion to dismiss on the basis of *res judicata* and the exclusive remedy of Worker's Compen-

sation on April 5, 1990. Appellant appeals the granting of the motion to dismiss. We affirm.

■ The sole issue presented is whether small claims court judgments have *res judicata* (claim-preclusive) effect. Although not expressly stating that small claims court judgments have claim-preclusive effect, § 482.365.2 RSMo 1986, pertaining to small claims judgments, implies such an effect by allowing a trial *de novo* if filed for within ten days of the small claims judgment. For this requirement to have any effect, parties cannot be allowed to refile the same claim in circuit court after this ten day period. Also, the face of every petition in small claims court states, "The Plaintiff understands that, should he be successful in this action and obtain a judgment, and if Defendant does not appeal within ten days, this judgment becomes final. Plaintiff cannot commence another lawsuit involving the same parties and issues." Mo.R.Civ.Pro. 152. The clear implication of these governing rules is small claims adjudications are entitled to claim preclusive effect.

■ Furthermore, the policies behind *res judicata:* relieving parties of the cost and vexation of multiple lawsuits; conserving judicial resources; and encouraging reliance on adjudications, *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980), applies just as effectively to small claims courts. If small claims court judgments do not have claim preclusive effect, then small claims courts become a false forum and these policy objectives are not met.

■ Generally, the following elements must be met for a claim to be prohibited by *res judicata:* (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action, and (4) identity of the quality of the person for or against whom the claim is made. *Norval v. Whitesell,* 605 S.W.2d

---

1.  § 287.120 RSMo 1986.

2.  This complaint was drafted by an attorney for appellant and changed only the semantics of the claims, leaving essentially the same substantive allegations of assault, tortious interference with employment, and punitive damages.

789, 790 (Mo. banc 1980). Claim preclusion or *res judicata* must be distinguished from issue preclusion, which requires the parties to have a full and fair opportunity to litigate the disputed issue in a prior proceeding. *Oates v. Safeco Insurance Company of America*, 583 S.W.2d 713, 719 (Mo. banc 1979). Contrary to appellant's contention, the lack of a full and fair opportunity to litigate has no application to *res judicata*.

■ The trial court properly determined that the claim preclusion elements were satisfied. The thing being sued for was the same because both claims were for monetary damages. The cause of action was the same in both actions and the attempt to add a new theory or ground was insufficient to state a different cause of action. *Barkley v. Carter County State Bank*, 791 S.W.2d 906, 913 (Mo.App.1990). The exact same parties were involved, satisfying both the third and fourth elements. Because all four elements of claims preclusion are satisfied, the trial court did not err in dismissing appellant's petition on the basis of *res judicata*.

■ Although appellant contends there was no adjudication of the claim on the merits in the small claims court, dismissal of the original petition for failure to state a cause of action is sufficient to raise *res judicata* in a later proceeding. *Greening v. Klamen*, 719 S.W.2d 904, 906 (Mo.App. 1986). Appellant's original petition against respondent Asplundh was dismissed in the small claims court because he could not state a claim upon which relief could be granted due to the exclusive remedy under Workers' Compensation. The trial court, therefore, properly applied *res judicata* precluding relitigation of this claim.

Also, the trial court properly dismissed appellant's reformulated claim against respondent McMillen. Because the small claims court had previously determined that this claim was governed exclusively by the Workers' Compensation remedy or the collective bargaining agreement, the trial court did not err in dismissing on the basis of *res judicata*. Furthermore, it is immaterial that the wording of the counts has been changed in an attempt to correct deficiencies in the original petition. *Greening*, 719 S.W.2d at 906. Renaming the claim as tortious interference with employment does not remove the claim from the small claims court's determination that the claim was exclusively governed by the Workers' Compensation remedy or collective bargaining agreements arbitration procedures. Thus, *res judicata* prohibits relitigation of this claim.

The trial court also dismissed the complaint based on the exclusivity of Workers' Compensation remedy. Although it appears that the trial court's dismissal of the complaint could be properly sustained on that ground, we need not review that judgment as we agree that the relitigation of appellant's claim is barred by *res judicata*.

Affirmed.

KAROHL and GRIMM, JJ., concur.