Kenneth STOLFUS, Appellant,

v.

MUSSELMAN & HALL CONSTRUC-
TION, INC. and City of Kansas
City, MO, Respondents.

No. WD 45317.

Missouri Court of Appeals,
Western District.

July 28, 1992.

R. Gregory Gore, Hyatt Legal Services, Independence, for appellant.

John G. Schultz, Niewald, Waldeck & Brown, Kansas City, for respondents.

Before SHANGLER, P.J., and KENNEDY and SMART, JJ.

SMART, Judge.

This appeal involves the issue of whether a plaintiff, after losing a trial in the associate circuit court and filing an application for trial de novo, may dismiss the cause of action in the circuit court and file another petition alleging the same cause of action in the associate circuit court. The trial court in this case held that the second action is barred by the doctrine of res judicata. This court reverses, holding that the doctrine of res judicata does not constitute a bar to the second action.

Plaintiff Stolfus filed a negligence action in associate circuit court against Defendant Musselman and Hall Construction, Inc. (hereafter "Musselman"). Following a trial, the court entered judgment for defendant Musselman. Plaintiff, pursuant to § 512.180, RSMo 1986, filed an application for trial de novo. In the circuit court, upon motion of the plaintiff, the court dismissed plaintiff's cause of action without prejudice.

Plaintiff Stolfus subsequently filed a new petition for damages in the associate circuit court. When the case was called to trial, defendants[1] raised the defense of res

1. After taking his appeal to the circuit court, plaintiff sought and was granted leave to add the City of Kansas City as an additional defen-

dant pursuant to § 512.280. Plaintiff subsequently obtained leave to dismiss his cause of action without prejudice. When the case was

judicata, contending that the then pending action was barred by res judicata due to the fact that the case was previously tried to judgment in the associate circuit court. The trial court agreed, granting defendants a judgment of dismissal with prejudice on grounds of res judicata. This court reverses that judgment, and remands the case for a trial on the merits.

■ Appellant Stolfus argues that he was entitled to dismiss his cause of action in the circuit court and refile in the associate circuit court. Stolfus correctly recognizes the significant distinction between the dismissal of an application for trial de novo and the dismissal of a *cause of action*. Although the dismissal of an application for trial de novo results in a reinstatement of the judgment of the associate circuit court, the dismissal of a *cause of action* results in the total abrogation of the associate circuit judgment as though there had never been one. *McClellan v. Sam Schwartz Pontiac, Inc.*, 338 S.W.2d 49 (Mo.1960); *Aubuchon v. Ayers*, 400 S.W.2d 472 (Mo.App.1966). Stolfus is correct, therefore, that in the case of a dismissal of a *cause of action* there can be no res judicata upon the filing of a subsequent petition against the same parties. *McClellan*, 338 S.W.2d at 52.

■ Defendant Musselman, relying upon the case of *Dallavalle v. Berry Grant Co.*, 462 S.W.2d 175 (Mo.App.1970), argues that, on principles of equity, the court can impose the doctrine of res judicata where the dismissing and refiling party would gain some undue advantage by being able to dismiss and refile. Musselman argues that, if res judicata does not apply, there is nothing to prohibit the unsuccessful plaintiff in associate circuit court from filing an application for trial de novo, and then dismissing his cause of action, then filing again in associate circuit court, and repeating the process until the defendant finally gives up and settles or until plaintiff finally prevails.[2]

In *Dallavalle*, the plaintiffs had filed an action for unlawful detainer in magistrate court. After losing the case in magistrate court, the plaintiffs invoked their right to trial de novo in the circuit court. Before trial in that court, without leave of court, the plaintiffs voluntarily dismissed both their appeal *and* their cause of action. Thereafter the defendants, anticipating the plaintiffs would file a second suit for unlawful detainer, and desiring to establish a defense of res judicata, moved the circuit court "for affirmance" of the magistrate judgment (with the intention that such an order would render ineffective the dismissal of the cause of action). The circuit court granted the motion for affirmance of the magistrate judgment, and the plaintiffs appealed from that order.

The *Dallavalle* court reversed the order of affirmance because there was no pending judgment which could be affirmed, but also took the unusual step of remanding the case with instructions to set aside the dismissal and enter an order denying plaintiffs' motion to dismiss.[3] *Id.* Thus, the court in *Dallavalle* put the parties back where they would have been if there had been no dismissal in the circuit court.

This court in this case has no authority to set aside the voluntary dismissal in the

refiled, both Musselman and the City were parties defendant in the new action as well. The parties did not brief or argue the question of whether the subsequent inclusion of an additional defendant after the first trial would have any effect on the applicability of res judicata. Since this court holds on other grounds that res judicata is not applicable, it is unnecessary to discuss that issue.

2. Musselman acknowledges, however, that in this case there could be no second application for trial de novo since the second petition sought damages in excess of $5,000. *See* § 512.-180.1, RSMo 1986.

3. The court's authority in that case to order the voluntary dismissal to be set aside was presumably based upon the premise that plaintiffs had no right to voluntarily dismiss their cause of action without leave of court. *See Smith v. Taylor*, 289 S.W.2d 134, 140 (Mo.App.1956). New Rule 67.01, however, does not require leave of court if it is plaintiff's first dismissal, and if the dismissal occurs prior to the introduction of evidence. *State ex. rel Fisher v. McKenzie*, 754 S.W.2d 557 (Mo banc 1988).

circuit court. This case does not come as an appeal from the circuit court, where the case was dismissed without prejudice, but rather as an appeal from the associate circuit court judgment of dismissal on grounds of res judicata. Therefore, the only issue before this court is the issue of res judicata. On that issue, this court holds that the dismissal was error.

 Since, as recognized in many cases, including *Dallavalle*, the dismissal *without prejudice* on trial de novo of a cause of action abrogates the effect of the judgment below, there is no existing judgment upon which a determination of res judicata can be predicated. The original associate circuit judgment is void as a matter of law. *McClellan v. Sam Schwartz Pontiac, Inc.*, 338 S.W.2d 49 (Mo.App. 1960); *Silent Automatic Sales Corp v. Stayton*, 45 F.2d 476 (8th Cir.1930). It is not enough that there has been a previous trial of the issues. The doctrine of res judicata requires the existence of a previous judgment. *Noll v. Noll*, 286 S.W.2d 58 (Mo.App.1956) (judgment must be final and on the merits); *see* 46 Am.Jur.2d *Judgments* § 465 (1969). Trial de novo is a statutorily created exception to the principle that judgments should have a res judicata effect on future litigation. Consequently, an associate circuit judgment from which trial de novo has been sought cannot be the basis of res judicata unless it has been reinstated as a result of a dismissal of an application for trial de novo.

It would seem that defendant Musselman's concerns about exposure to relentless dismissals and refilings is unnecessary. This court does not concur with the suggestion of the parties that Rule 67.01 (which limits a party's ability to voluntarily dismiss and refile without leave of court) could not apply. This court notes that Rule 41.01(b) provides that rules 41 through 101 apply in "[c]ivil actions originating before an associate circuit judge ... but which are pending ... before a circuit judge." Consequently, it would appear that even though any party may apply for a trial de

novo as an appeal of an associate circuit decision, the dismissal of the cause of action in the circuit court is governed by Rule 67.01, which would prohibit unlimited dismissals and refilings. Of course, it appears a party could dismiss and refile in the *associate circuit* division multiple times,[4] but the only way to dismiss *after trial* is to invoke trial de novo, which will then bring the action under the applicability of Rule 67.01.

For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for trial on the merits.

All concur.

---

4. *See* § 517.010, RSMo 1986. Rule 67.01 applies to civil actions in the associate circuit division

"except where otherwise provided by law." Rule 41.01(f).