**ESTATE OF Lena INGRAM, Deceased, Willie Hooper, Personal Representative, Plaintiff/Respondent,**

v.

**James H. ROLLINS, Defendant/Appellant.**

No. 63204.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 2, 1993.

James H. Rollins, pro se.

Peter P. Fiore, Theresa Severs, St. Louis, for plaintiff/respondent.

CRAHAN, Judge.

James H. Rollins ("Defendant") appeals from the denial of his motion to quash execution. On appeal, Defendant asserts that the circuit court erred in denying his motion to quash because there was no longer a valid judgment upon which to execute. We agree and reverse the circuit court's order denying Defendant's motion to quash execution.

Lena Ingram ("Plaintiff") brought suit for unlawful eviction and conversion in the Circuit Court of the City of St. Louis against Defendant. After a trial not on the record, the court entered judgment in favor of Plaintiff in the amount of $700.00 actual damages and $1,000.00 punitive damages. The court also rendered judgment in favor of Plaintiff on Defendant's counterclaim.

Defendant timely filed application for trial de novo with the Circuit Court of the City of St. Louis pursuant to § 512.180 RSMo 1986. No bond was issued. Defendant filed an amended counterclaim, which was later dismissed without prejudice. The court granted Plaintiff's motion to join Omarco, Inc., as party defendant. Plaintiff then filed an Amended Petition, claiming that Defendant Rollins acted as the agent of Defendant Omarco, who was the owner of the real property leased to Plaintiff, and requesting $1,000.00 in actual damages and $24,000.00 in punitive damages, plus costs.

■ Defendant Rollins filed a third party petition to include Willie Hooper, the daughter of Plaintiff, as a third party defendant. On January 29, 1990, due to the death of Plaintiff, the court granted a motion to substitute Willie Hooper, as personal representative of the estate of Lena Ingram, as party plaintiff.[1] On November 30, 1990, Circuit Court Judge Michael P. David ordered the cause to be dismissed without prejudice on December 14, 1990 for failure to prosecute at plaintiff's costs. On December 7, 1990, notice was published in the St. Louis Daily Record under the heading Civil Dismissal Docket. Neither party filed a motion to set aside or vacate the order of dismissal.[2]

On August 31, 1992, Plaintiff filed a Request for Writ of Execution in the amount of $1,700.00, the amount of the earlier judgment. Shortly after the court issued the writ, Defendant filed a motion to quash execution, asserting that the earlier judgment was no longer valid. The lower court issued its Order on October 15, 1992, denying Defendant's motion to quash execution. The court's order interpreted the dismissal order of November 30, 1990 as dismissing only the application for trial de novo, thereby reviving the earlier judgment. This appeal followed.

For his first point, Defendant asserts that the circuit court erred in denying his motion to quash execution because, having dismissed *the cause* in its Order dated November 30, 1990, there was no longer a valid judgment upon which to levy execution. Plaintiff, on the other hand, maintains that the circuit court's order of dismissal for failure to prosecute dismissed only the *application for trial de novo*, not Plaintiff's earlier judgment. We agree with Defendant.

■ There is a distinction between the dismissal of a cause of action and the dismissal of solely the application for trial de novo. The former results in the total abrogation of the associate circuit judge's judgment, while the latter results in the reinstatement of the earlier judgment. *See Stolfus v. Musselman & Hall Constr., Inc.*, 845 S.W.2d 565, 567 (Mo.App.1992). Accordingly, when an application for trial de novo is dismissed, thus reinstating the earlier judgment, that reinstatement forms the basis of res judicata. *See id.* at 568.

■ The question implicated in the present case—the construction of a court order—is a question of law. Where a question of

---

1. For simplicity, all references to "Plaintiff" hereinafter include Willie Hooper, the personal representative of Ms. Ingram's estate.

2. Neither party can attack such dismissal collaterally now on appeal. *See State ex rel. Vicker's Inc. v. Teel*, 806 S.W.2d 113, 117 (Mo.App.1991). Nor can either party question the adequacy of

publishing a dismissal notice only in the Daily Record. *See Vilsick v. Fibreboard Corp., et al.*, 861 S.W.2d 659, 662–665 (Mo.App.1993) (ruling that a published notice in the St. Louis Daily Record is sufficient when it does not involve the initial notice of a new proceeding necessary to exercise jurisdiction).

law is involved, it is a matter for the independent judgment of the reviewing court. *House of Lloyd, Inc. v. Director of Revenue,* 824 S.W.2d 914, 916 (Mo. banc 1992). No deference is due the lower court's judgment. *See Buchanan v. Graf,* 671 S.W.2d 379, 381 (Mo.App.1984).

■■■ The legal principle is firmly established that the operative effect of an order lies in the order or decretal portion itself, rather than in any accompanying recitals, findings, memorandum or opinion. *Lane v. State,* 641 S.W.2d 132, 136 (Mo.App.1982). In construing the order, the general rules of construction apply and words and clauses must be construed in accordance with their natural import. *See Missouri Fed'n of the Blind v. National Fed'n of the Blind of Missouri,* 546 S.W.2d 182, 186 (Mo.App. 1976). The order should be examined in its entirety, with an eye to making sense of the language used. If the language employed is plain and unambiguous, there is no room for interpretation and the effect thereof must be declared in the light of the literal meaning of the language used. *See Hampton v. Hampton,* 536 S.W.2d 324, 325 (Mo.App.1976).

■■■ With these principles in mind we look to the language of the dismissal order dated November 30, 1990. The order of dismissal provided:

> Cause having been placed on the December 14, 1990 Dismissal Docket and published in the St. Louis Daily Record 10 (ten) days in advance of the Docket date, this cause shall stand dismissed without prejudice on December 14, 1990 for failure to prosecute at plaintiff's costs.[3]

In light of the language used in the order, we cannot agree with the lower court's conclusion that only the application for trial de novo was dismissed. Rather, for the reasons that follow, we interpret the order to mean that the whole cause of action was dismissed.

■■■ First, the order by its express terms dismissed the "cause," as opposed to the appeal or, more specifically, the trial de novo. As typically used in court orders, "cause" is synonymous with "cause of action." A "cause of action," as generally used and understood, constitutes the claim or general subject matter upon which an action may be maintained. *See Interholzinger v. Estate of Dent,* 214 Neb. 264, 333 N.W.2d 895, 898 (1983). Considering the common usage of the word "cause," we construe the dismissal order as dismissing the whole action, Plaintiff's judgment included.

■■■ Second, the order dismissed the action "without prejudice." Section 510.150, RSMo 1986, provides that "[a] dismissal without prejudice permits the party to bring another action for the same cause, unless the action is otherwise barred." *See also* Rule 67.03. The words "without prejudice" signify that the dismissal has been made with no decision on the merits of the case so that it has no res judicata effect and no effect on one's ability to refile. However, use of the words "without prejudice" in the context of this order is inherently inconsistent with the trial court's interpretation of the order as merely dismissing the application for trial de novo.

■■■ The inconsistency results from the fact that the statutory filing restrictions pertaining to applications for trial de novo would *preclude* the reapplication for a trial de novo. Section 512.190, RSMo 1986, mandates that in order to perfect an appeal to the circuit court from a judgment entered by an associate circuit judge, an application for trial de novo must be filed with the clerk within ten days after the judgment is rendered. This ten-day rule is absolute and may not be extended. *See State ex rel. Sweet v. Smith,* 659 S.W.2d 578, 580 (Mo. App.1983). If the dismissal of the application for trial de novo takes place more than ten days after judgment, which was the case here, the applicant is then proscribed from reapplying, the only recourse being the filing of an appeal or a motion to set aside dismissal, none of which occurred in the case at bar.

---

3. The order also contains a handwritten notation "TDN" near the caption. There is nothing in the record establishing who made this handwritten notation or when they did so. Although Plaintiff attributes great significance to this notation, we find the notation to be ambiguous and of no import or significance in our analysis of the meaning of the dismissal order.

Thus, if we were to agree with the circuit court that only the application for trial de novo was dismissed, then the language "without prejudice" as used in the dismissal order would be specious. The practical effect of dismissing an application for trial de novo prevents the parties from refiling the same action because of res judicata and precludes the reapplication for trial de novo due to the ten-day filing restriction. Thus, the dismissal of an application for trial de novo more than ten days after entry of judgment by the associate circuit court judge can never truly be "without prejudice." If, on the other hand, we were to interpret the order as dismissing the whole cause of action, then there would be no res judicata effect and, absent the potential bar of the statute of limitations, either side would be free to refile. Clearly, the latter interpretation is inherently more consistent with a dismissal "without prejudice."

Third, the November 30, 1990 order dismissed the cause "at plaintiff's costs." Awarding costs to Defendant is wholly inconsistent with Plaintiff's contention that it was Defendant's application that was dismissed. A more sensible interpretation is to find that the order dismissed the action along with the petition for trial de novo and assessed costs on Plaintiff for failing to prosecute the case at trial de novo.[4] Such a reading conforms with the language and intent of the November 30, 1990 order of dismissal.

Lastly, Plaintiff asserts that upon the dismissal of the application for trial de novo Defendant had ample time in which to file a motion to set aside dismissal or appeal the dismissal. What is wrong with this contention is that, absent some express statement that what was being dismissed was the trial de novo and not the cause of action, the order was insufficient to give Defendant any reason to believe an appeal was necessary. Because there was no mention that the appeal or trial de novo application was dismissed, it was reasonable for Defendant to believe that the whole cause was dismissed and that there was no need to appeal when he was awarded costs and the dismissal was without prejudice.

Plaintiff incorrectly construes the case law to mean that only a plaintiff may dismiss a cause of action, not a court of law. None of the cases cited by Plaintiff stand for such a proposition. The cases *Hickerson v. Con Frazier Buick Co.*, 264 S.W.2d 29 (Mo.App.1953), *Ryan v. Engelke*, 285 S.W.2d 6 (Mo.App.1955), and *McEntire v. Plaza Bank of Commerce*, 560 S.W.2d 52 (Mo.App.1977), are distinguishable from the case at bar in that those case dealt with plaintiffs voluntarily dismissing their causes and appeals. In the instant case, the court involuntarily dismissed the cause for failure to prosecute. No authority cited or found restricts a court from having the authority to dismiss actions at trial de novo, the consequence being the dismissal of the earlier judgment. Indeed, neither side disputes that all parties to the case, including those added at trial de novo, are now dismissed from the litigation. If a plaintiff has the right to voluntarily dismiss its petition and application for trial de novo with no res judicata effect, then a court of law may certainly exercise its discretion to assert that authority for failure to prosecute. *See, e.g., Stolfus v. Musselman & Hall Constr., Inc.*, 845 S.W.2d 565 (Mo.App.1992) (court dismissing plaintiff's cause of action without prejudice upon motion of plaintiff and holding that such dismissal does not bar a subsequent suit under doctrine of res judicata).

For the foregoing reasons, we interpret the dismissal order to mean that the entire cause of action was dismissed for failure to prosecute and at Plaintiff's costs. The circuit court's order denying Defendant's motion to quash is therefore reversed and the cause is

---

4. We find it unnecessary to analyze the issue of who bears the burden to prosecute at a trial de novo. It is Plaintiff's contention that the applicant for trial de novo has the burden to prosecute pursuant to § 512.190 RSMo. That section provides that an application for trial de novo shall not stay execution unless the applicant enters into a recognizance, such being conditioned upon the applicant prosecuting his application with due diligence to a decision. § 512.190 RSMo 1986. We need not address this contention because, even if Plaintiff is correct, this would merely be a reason that the order of dismissal was erroneous. As noted earlier, this appeal cannot be used to collaterally attack the earlier order, which was not appealed.

remanded with directions to quash Plaintiff's writ of execution.

CRANE and KAROHL, JJ., concur.