**James P. and Martha H. KEPLER, Respondents,**

v.

**Greg DOLINES, Appellant.**

**No. WD 52621.**

Missouri Court of Appeals, Western District.

March 25, 1997.

Thomas M. Harrison, Columbia, for appellant.

Kenneth McCutcheon, Jr., Versailles, for respondents.

SPINDEN, Judge.

When James P. and Martha H. Kepler received an $800 judgment against Greg Dolines in small claims court, Dolines filed an application for trial *de novo* with the circuit court. In circuit court, the Keplers amended their petition and sought $2090 in damages. Dolines responded by moving to dismiss his application for trial *de novo*, but the circuit court would not permit dismissal. Dolines appeals, and we reverse.

The Keplers sued Dolines in small claims court in a dispute over an air conditioner part and warranty work for a mobile home the Keplers purchased from Dolines. Because Dolines did not appear at the hearing, the Keplers obtained an $800 default judgment against Dolines. On September 11, 1995, Dolines filed an application for trial *de novo* with the circuit court.

In the meantime, the Keplers filed a motion for leave to file an amended petition with the circuit court. In their amended petition, they increased their prayer for damages to $2090. Dolines objected to the amended petition, but the circuit court allowed the Keplers to file it. The circuit court scheduled trial on the amended petition for March 8, 1996. Dolines, however, filed a dismissal of his application for trial *de novo* on the day before trial. On the day of trial, the circuit court decided that it had no authority to dismiss the application for trial *de novo* and proceeded to hear the evidence. The circuit court entered judgment of $2040 plus interest for the Keplers and taxed costs to Dolines.

█ In his only point on appeal, Dolines asserts that the circuit court erred in proceeding with the trial after he filed a motion to dismiss his application for trial *de novo*. He claims that because he moved to dismiss before any evidence was introduced and because he was the only party to make application for trial *de novo*, he had the choice of either pursuing a trial *de novo* or dismissing, thus reinstating the earlier judgment. We agree.

Section 482.365(2), RSMo 1994, governs trial *de novo* appeals from small claims judgments and says:

Any party aggrieved by any final judgment rendered by a small claims court in a small claims proceeding, except a judgment by consent, may have a trial de novo. The right to trial de novo shall be perfected by filing an application for trial de novo with the clerk of the small claims court within ten days after the judgment is rendered. A copy of same shall be mailed by the clerk to the opposing party or his attorney of record or served upon him as provided by law for the service of notices within fifteen days after the judgment was rendered, but no application for a trial de novo shall stay execution unless and until the applicant, or some person for him, together with one or more solvent sureties to be approved by the small claims court judge, within the time prescribed for filing the application for trial de novo, enter into a recognizance before the small claims court judge, to the adverse party, in a sum sufficient to secure the payment of such judgment and costs, conditioned that the applicant will prosecute his application for trial de novo with due diligence to a decision, and that if on such trial de novo judgment is given against him, he will pay such judgment, and that, if his application for trial de novo is dismissed, he will pay the judgment rendered by the small claims court judge, together with the costs. The trial de novo shall be governed by the practice in trials before circuit judges, except that by agreement of the parties the case may be tried by a jury of not less than six persons. On an application for a trial de novo from a judgment of a small claims court, if the defendant is the applicant, the plaintiff shall not be required to give security for costs. Costs shall be assessed as in other cases heard in circuit court. Notwithstanding any other provisions of law to the contrary, if the defendant applies for a trial de novo pursuant to this section, the plaintiff shall be allowed to amend the petition to state a claim which is within the jurisdictional limit of the circuit court.

This statute does not prohibit a defendant from dismissing his or her application for trial *de novo*. Although the statute authorizes a plaintiff to file an amended petition with the circuit court, we do not find that the statute requires the circuit court to proceed on that amended petition where a defendant seeks to dismiss the application for trial *de novo*.

█ Dismissal of an application for trial *de novo* results in reinstatement of the small claims court's judgment. *See Stolfus v. Musselman and Hall Construction, Inc.,* 845 S.W.2d 565, 567 (Mo.App.1992). The Keplers chose to initiate their action against Dolines in the small claims court. They received an $800 judgment, the amount that they asked for in the small claims court. Now, because they are before the circuit court and can make a claim for more money, they want Dolines to pursue his application for trial *de novo*. This is not what § 482.365 requires.

Section 482.365(2) gives the aggrieved party of a small claims judgment the right to a trial *de novo*. It provides that if the defendant wants to pursue a claim for trial *de novo*, doing so will create the risk of paying more because the plaintiff will be allowed to amend his or her petition "to state a claim which is within the jurisdictional limit of the circuit court." We conclude that the General Assembly intended to discourage a defendant from proceeding with a trial *de novo* by giving the plaintiff the right to amend his or her petition. Permitting the defendant to dismiss his or her application for trial *de novo* would be consistent with this intent.

The circuit court erred in not dismissing Dolines' application for trial *de novo*. We reverse the circuit court's judgment and remand to grant Dolines' motion to dismiss and to reinstate the small claims court's judgment.

LOWENSTEIN, P.J., and HOWARD, J., concur.