Jacqueline M. STEWART, Appellant,

v.

Barbara L. MILLS and Teddy Mills, Respondents.

No. 23369.

Missouri Court of Appeals, Southern District, Division Two.

July 31, 2000.

**798**

Donald Rhodes, Bloomfield, for appellant.

C.H. Parsons, Jr., Mary L.D. Griffith, Parsons and Wilson, P.C., Dexter, for respondents.

CROW, Judge.

This appeal presents a res judicata issue in a small claims case.

Section 482.305, RSMo Supp.1995, reads, in pertinent part:

"When sitting as a small claims court, the judge shall have original jurisdiction of all civil cases ... where the amount in controversy does not exceed three thousand dollars...."

Section 482.300.2, RSMo 1994, provides that when a judge is hearing "small claims matters," the court shall be known as "small claims court."

This court gathers from the record that the judge of Division 3 of the Circuit Court of Stoddard County is the judge who hears small claims.

The litigation from which this appeal arose began when Plaintiff, Jacqueline M. Stewart, sued Defendants, Barbara L. Mills and Teddy Mills, for $3,000 in the Small Claims Court of Stoddard County. The case was assigned number CV599–153SC. For convenience, this opinion henceforth refers to the case as "case 153."

The Small Claims Court set case 153 for hearing March 30, 1999. The record contains a cryptic judgment showing Plaintiff appeared by counsel that date, Defendants appeared in person, and the court entered judgment for Defendants on Plaintiff's petition.

Plaintiff, by counsel, filed a timely application for trial de novo per § 482.365.2, RSMo 1994. Case 153 was thereupon assigned to Division 2 of the Circuit Court of Stoddard County.[1]

Division 2 set case 153 for trial July 12, 1999. Plaintiff appeared by counsel that date; Defendants appeared by counsel. This court divines from the record that Plaintiff's lawyer offered a deposition of Plaintiff in evidence. Defendants' lawyer filed a "Brief in Opposition to use of Plaintiff's Deposition as evidence[.]" The trial court granted Plaintiff until July 16, 1999, to respond to Defendants' brief.

On July 15, 1999 (the day before the deadline for Plaintiff's brief), Plaintiff, by counsel, filed a "Motion to Dismiss Without Prejudice." It recited, *inter alia,* that Plaintiff "dismisses this cause of action without prejudice pursuant to Rule 67.02(a) and ... states that evidence has not been introduced at trial."

On July 23, 1999, Division 2 ruled:

"It is clear that no evidence was presented by either party at the scheduled trial on July 12, 1999. Therefore, it appears ... that under Rule 67.02 Plain-

---

1. An associate circuit judge presides over Division 2 of the Circuit Court of Stoddard County. That is also true of Division 3. The parties' briefs and some of the cases discussed in this opinion refer to a division of a circuit court presided over by an associate circuit judge as an "associate circuit court." There is no "associate circuit court" in the Missouri court system. *Robinson v. Lohman,* 949 S.W.2d 907, 910–12 (Mo.App. S.D.1997).

tiff has the absolute right to dismiss her action without any order of this Court."

A docket entry in case 153 dated July 26, 1999, showed: "Case dismissed."

On August 3, 1999, Plaintiff filed a new petition against Defendants in the Small Claims Court of Stoddard County. It pled the same cause of action as Plaintiff's earlier petition in case 153 and, like that petition, sought judgment for $3,000. The new case was assigned number CV599–578SC. This opinion henceforth refers to the case as "case 578."

Defendants, by counsel, moved the Small Claims Court to dismiss Plaintiff's petition in case 578 with prejudice. Defendants' motion averred Plaintiff's dismissal of case 153 in Division 2 "resulted in the reinstatement of the small claims court's judgment for defendants," hence case 578 was barred by the doctrine of res judicata.

On September 8, 1999, the Small Claims Court ruled: "Plaintiff is precluded, under the doctrine of res judicata, from refiling her small claims action." Accordingly, the Small Claims Court dismissed case 578 with prejudice.

Plaintiff, by counsel, filed a timely application for trial de novo per § 482.365.2. Case 578 was thereupon assigned to Division 2 of the Circuit Court of Stoddard County.

Defendants, by counsel, moved Division 2 to dismiss Plaintiff's "Application for Trial De Novo." Defendants' motion was based on the same theory as their earlier motion in Small Claims Court, i.e., Plaintiff's dismissal of case 153 in Division 2 resulted in reinstatement of the Small Claims Court judgment of March 30, 1999, in case 153, hence case 578 was barred by res judicata.

Division 2 granted Defendants' motion, ruling that Plaintiff's claim against Defendants in case 578 was barred by res judicata.

▇ Plaintiff brings this appeal from that judgment. Her sole point relied on reads:

"The trial court committed reversible error in dismissing [Plaintiff's] refiled cause of action for the reason that following an adverse judgment, [Plaintiff] had the right under Missouri law to file for a trial de novo, dismiss her cause of action following her perfection of the trial de novo, and refile a new action. As [Plaintiff's] dismissal of her cause of action resulted in the total abrogation of the [Small Claims] Court's judgment, there could be no res judicata upon the filing of a subsequent action and the court's dismissal on those grounds was contrary to the record and the law, and was an abuse of discretion thereby mandating a reversal."

In *Stolfus v. Musselman & Hall Construction, Inc.,* 845 S.W.2d 565 (Mo.App. W.D.1992), cited by Plaintiff, a plaintiff filed a negligence suit. *Id.* at 566. The suit was heard by an associate circuit judge, evidently without a jury and without preserving a record. *Id.* The judge entered judgment for the defendant. *Id.* The plaintiff thereupon filed an application for trial de novo per § 512.180, RSMo 1986.[2] A circuit judge, upon motion of the plaintiff, "dismissed [the] cause of action without prejudice." *Id.*

The plaintiff thereafter filed a new petition, evidently asserting the same claim. *Id.* The trial court dismissed the new action "with prejudice on grounds of res judicata." *Id.* at 567. The Western District of this Court reversed and remanded for trial on the merits. *Id.* The opinion explained:

**2.** Section 512.180.1, RSMo 1986, read: "Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has

been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases where the petition claims damages not to exceed five thousand dollars."

"[The plaintiff] correctly recognizes the significant distinction between the dismissal of an application for trial de novo and the dismissal of a *cause of action*. Although the dismissal of an application for trial de novo results in a reinstatement of the judgment of the associate [division of the] circuit court, the dismissal of a *cause of action* results in the total abrogation of the associate [division] judgment as though there had never been one. [The plaintiff] is correct, therefore, that in the case of a dismissal of a *cause of action* there can be no res judicata upon the filing of a subsequent petition against the same parties.

. . . .

Trial de novo is a statutorily created exception to the principle that judgments should have a res judicata effect on future litigation. Consequently, an associate [division] judgment from which trial de novo has been sought cannot be the basis of res judicata unless it has been reinstated as a result of a dismissal of an application for trial de novo."

*Id.* at 567–68 (citations omitted; emphasis in original).

The Eastern District of this Court recognized the difference between the dismissal of an application for trial de novo and the dismissal of a cause of action in *Estate of Ingram v. Rollins*, 864 S.W.2d 400 (Mo.App. E.D.1993). There, after a judgment for the plaintiff, the defendant filed an application for trial de novo per § 512.180, RSMo 1986.[3] *Id.* at 402. Some time later, the trial court entered an order that the "cause shall stand dismissed without prejudice ... for failure to prosecute at plaintiff's costs." *Id.* at 403. After the dismissal, the plaintiff had an execution issued on the original judgment. The defendant maintained the original judgment was void, having been nullified as a result of the application for trial de novo followed by the dismissal of the cause of action without prejudice. The appellate court agreed, saying:

"There is a distinction between the dismissal of a cause of action and the dismissal of solely the application for trial de novo. The former results in the total abrogation of the associate circuit judge's judgment, while the latter results in the reinstatement of the earlier judgment. Accordingly, when an application for trial de novo is dismissed, thus reinstating the earlier judgment, that reinstatement forms the basis of res judicata."

*Id.* at 402[2, 3] (citation omitted).

Because the dismissal in *Estate of Ingram* was a dismissal of the cause of action, not a dismissal of the application for trial de novo, the appellate court held the original judgment was abrogated and the execution had to be quashed. *Id.* at 404–05.

Defendants cite *Kepler v. Dolines*, 941 S.W.2d 22 (Mo.App. W.D.1997). It is inapplicable. There, the plaintiffs won an $800 judgment against the defendant in a small claims court. *Id.* at 22. The defendant filed an application for trial de novo. *Id.* The trial court granted the plaintiffs leave to increase their prayer for damages; the plaintiffs did so. *Id.* at 23. The defendant thereafter moved to dismiss his application for trial de novo, but the trial court denied the motion, tried the case, and awarded the plaintiffs a greater sum than the small claims court. *Id.* On appeal by the defendant, the appellate court held the defendant had a right to dismiss his application for trial de novo, thereby reinstating the judgment of the small claims court. *Id.* at 23–24. The appellate court reversed the judgment and remanded the case with a directive to grant the motion to dismiss and reinstate the small claims court's judgment. *Id.* at 24.

Defendants also cite *Doherty v. McMillen*, 805 S.W.2d 361 (Mo.App. E.D.1991). It, like *Kepler*, is inapposite. *Doherty* stands for the proposition that where a

---

**3.** Footnote 2, *supra*.

plaintiff loses in small claims court and *files no application for trial de novo*, the small claims court's judgment has *"res judicata* (claim-preclusive) effect" if the plaintiff brings a new action against the same defendant on the same claim. *Id.* at 362–63.

■ Alternatively, Defendants maintain that because Plaintiff's lawyer, in case 153, offered Plaintiff's deposition in evidence at the start of trial de novo in Division 2, Rule 67.02 did not allow Plaintiff to dismiss her cause of action without prejudice.

Rule 67.02, Missouri Rules of Civil Procedure (2000), which has remained unchanged since 1994, reads, in pertinent part:

"(a) . . . a civil action may be dismissed by the plaintiff without order of the court anytime prior to the introduction of evidence at the trial. . . .

(b) Except as provided in Rule 67.02(a), an action shall not be dismissed at the plaintiff's instance except upon order of the court upon such terms and conditions as the court deems proper."

Defendants proclaim: "As [Plaintiff] failed to exercise her right, under Rule 67.02, to dismiss prior to the introduction of evidence, the dismissal requires an order of the court, which is to be with prejudice unless the court states otherwise."

In support of their notion that the offer of Plaintiff's deposition in evidence constituted "the introduction of evidence at the trial" within the meaning of Rule 67.02(a), Defendants cite *State ex rel. J.L. Mason Group of Missouri, Inc. v. Village of Dardenne Prairie,* 763 S.W.2d 727 (Mo. App. E.D.1989). There, the court said: "A pre-trial hearing before the trial judge which results in a disposition on the merits may constitute an introduction of evidence for purposes of [Rule 67.01 [4]]." *Id.* at 729.

*J.L. Mason Group* is not pertinent to the instant appeal because there was no

pretrial hearing in Division 2 in case 153 that resulted in a disposition on the merits. It is clear that Division 2 never allowed Plaintiff's lawyer to introduce Plaintiff's deposition in evidence in case 153. When Plaintiff's lawyer offered the deposition (the only evidence tendered by either side), Defendants' lawyer filed a brief in opposition. Division 2 deferred ruling on the admissibility issue and gave Plaintiff's lawyer an opportunity to brief it.

Instead of filing a brief, Plaintiff's lawyer undertook to dismiss case 153 without prejudice. The ruling of Division 2 on July 23, 1999, in case 153 (quoted earlier in this opinion) demonstrates Division 2 treated the dismissal as a dismissal without prejudice. On the sparse record, this court cannot convict the judge of Division 2 of error in that ruling.

Because Plaintiff's dismissal of case 153 in Division 2 was a dismissal of her *cause of action without prejudice*, not a dismissal of her *application for trial de novo*, the doctrine of res judicata did not bar her from filing case 578. Consequently, when case 578 reached Division 2 on Plaintiff's application for trial de novo, Division 2 erred in dismissing case 578 on the ground that Plaintiff's claim was barred by res judicata. The judgment of Division 2 in case 578 must therefore be reversed.

■ This court's final task arises from the prayer in Plaintiff's brief. Plaintiff asks this court to remand case 578 "to the Small Claims Court of Stoddard County . . . for a trial on the merits."

Plaintiff misconceives the relief to which she is entitled. This appeal comes to this court from Division 2 of the Circuit Court of Stoddard County, not from the Small Claims Court of Stoddard County. The judgment this court is reversing is the judgment of Division 2, not the judgment of the Small Claims Court. Plaintiff cites

4. The subject matter of Rule 67.01 at the time of *J.L. Mason Group* is now covered by Rule 67.02.

no authority—this court finds none—authorizing this court to send case 578 back to the Small Claims Court instead of Division 2 whence it came.

This court recognizes Plaintiff was aggrieved by the Small Claims Court's judgment dismissing case 578. However, Section 482.365.2, RSMo 1994, enabled Plaintiff to seek relief from that judgment by filing an application for trial de novo.[5] Plaintiff invoked that remedy, whereupon case 578 was transferred to Division 2. Upon receiving case 578, Division 2 should have tried it on the merits instead of dismissing it. The erroneous dismissal can be corrected by a mandate from this court reversing the judgment of Division 2 and remanding case 578 to Division 2 for trial.

Accordingly, the judgment of Division 2 of the Circuit Court of Stoddard County in case 578 is reversed and said case is remanded to said court for trial de novo.

PREWITT and GARRISON, JJ., concur.

---

5. Section 482.365.2, RSMo 1994, reads, in pertinent part: "Any party aggrieved by any final judgment rendered by a small claims court in a small claims proceeding ... may have a trial de novo.... The trial de novo shall be governed by the practice in trials before circuit judges...."